IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PATHEON SOFTGELS INC., | ) | |
| BIONPHARMA INC., and | ) | |
| BIONPHARMA HEALTHCARE LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| APOTEX INC. and APOTEX CORP., | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Patheon Softgels Inc. ("Patheon Softgels"), and Bionpharma Inc. and

Bionpharma Healthcare LLC (collectively, "Bionpharma") (Patheon Softgels and Bionpharma

are collectively referred to herein as "Plaintiffs"), by their attorneys, for their complaint against

Apotex Inc. and Apotex Corp. (collectively, "Apotex") allege as follows:

**NATURE OF THE ACTION**

1.      This is a civil action for infringement of United States Patent Nos.

9,693,978 (the "'978 patent") and 9,693,979 (the "'979 patent") (collectively, the "Patents-in-

suit") under the patent laws of the United States, 35 U.S.C. §100, *et seq.*  This action arises from

Apotex's filing of Abbreviated New Drug Application ("ANDA") No. 210325 ("the Apotex

ANDA") with the United States Food and Drug Administration ("FDA") seeking approval to

commercially market a generic version of Bionpharma's 220 mg Naproxen Sodium (EQ 200 mg

Base) Over-the-Counter ("OTC") drug product ("the Apotex ANDA Product") prior to the

expiration of the Patents-in-suit.

## THE PARTIES

2.      Patheon Softgels is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 4125 Premier Drive, High Point, North Carolina 27265.

3.      Bionpharma Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 600 Alexander Road, Suite 2-4B, Princeton, New Jersey 08540.

4.      Bionpharma Healthcare LLC is a Delaware limited liability company, having a principal place of business at 600 Alexander Road, Suite 2-4B, Princeton, New Jersey 08540.

5.      Upon information and belief, defendant Apotex Inc. is a foreign corporation organized and existing under the laws of Canada, having a principal place of business at 150 Signet Drive, Toronto, Ontario, Canada M9L 1T9.

6.      Upon information and belief, defendant Apotex Corp. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 2400 North Commerce Parkway, Weston, Florida 33326.

## THE PATENTS-IN-SUIT

7.      On July 4, 2017, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued the '978 patent, entitled "Solvent System for Enhancing the Solubility of Pharmaceutical Agents."  Patheon Softgels is the owner and assignee of the '978 patent.  A copy of the '978 patent is attached as Exhibit A.

8.      Bionpharma has an exclusive license under the '978 patent.

9.      On July 4, 2017, the USPTO duly and lawfully issued the '979 patent, entitled "Liquid Dosage Forms of Sodium Naproxen."  Patheon Softgels is the owner and assignee of the '979 patent.  A copy of the '979 patent is attached as Exhibit B.

10.      Bionpharma has an exclusive license under the '979 patent.

## BIONPHARMA'S NDA AND NAPROXEN SODIUM DRUG PRODUCT

11.      Bionpharma holds approved New Drug Application ("NDA") No. 021920 for 220 mg Naproxen Sodium (EQ 200 mg Base) OTC capsules ("the Bionpharma NDA Product").

12.      Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the '978 and '979 patents are listed in the FDA publication "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to NDA No. 021920.

13.      Bionpharma sells the Bionpharma NDA Product throughout the United States, including in this Judicial District.

14.      Patheon Softgels manufactures the Bionpharma NDA Product for Bionpharma.

## JURISDICTION AND VENUE

15.      This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

16.      This Court may declare the rights and other legal relations of the parties pursuant to 28 U.S.C. §§ 2201-2202 because this is a case of actual controversy within the Court's jurisdiction.

17.     Upon information and belief, Apotex Inc. and Apotex Corp. are agents of each other with respect to formulating, manufacturing, packaging, marketing, and/or selling pharmaceutical products throughout the United States and will do the same with respect to the Apotex ANDA Product.

18.     Upon information and belief, Apotex Inc. and Apotex Corp. are acting in concert with each other with respect to formulating, manufacturing, packaging, marketing, and/or selling pharmaceutical products throughout the United States and will do the same with respect to the Apotex ANDA Product.

19.     Upon information and belief, Apotex Inc., alone and/or together with its subsidiary, agent or alter ego Apotex Corp., filed Apotex's ANDA No. 210325 with the FDA.

20.     Upon information and belief, Apotex Corp. acts at the direction, and for the benefit, of Apotex Inc., and is controlled and/or dominated by Apotex Inc.

21.     This Court has personal jurisdiction over Apotex Inc. because, *inter alia*, upon information and belief: (1) it has purposely availed itself of the privilege of doing business in Delaware, including directly or indirectly through its subsidiary, agent, and/or alter ego, Apotex Corp., which is a Delaware corporation and thus registered to do business in Delaware with the Delaware State Division of Corporations; (2) it maintains pervasive, continuous, and systematic contacts with the State of Delaware, including through the marketing, distribution, and/or sale of generic pharmaceutical drugs (for which it is the holder of the approved FDA application) in Delaware, including directly or indirectly through its subsidiary, agent, and/or alter ego, Apotex Corp.; (3) it regularly and continuously transacts business in Delaware, including by selling pharmaceutical products in Delaware, either on its

own or through its affiliates; (4) it derives substantial revenue from the sale of those

pharmaceutical products in Delaware; (5) when and if Apotex's ANDA No. 210325 is

approved, it intends to and will commit acts of infringement in Delaware by selling and

offering to sell the Apotex ANDA Product throughout the United States, including in

Delaware; and (6) the filing of ANDA No. 210325 by Apotex seeking approval to market the

Apotex ANDA Product before the expiration of the Patents-in-Suit has caused, and by the

sale of the Apotex ANDA Product by Apotex Inc., Apotex Corp. and/or others before the

expiration of the Patents-in-Suit will cause, foreseeable harm to Patheon Softgels, a Delaware

corporation, Bionpharma Inc., a Delaware corporation, and Bionpharma Healthcare LLC, a

Delaware limited liability company.

22.      Additionally, Apotex Inc. has routinely consented to personal

jurisdiction in this Court, and availed itself of the protections afforded by this Court,

including by asserting Counterclaims in this Court.  *See, e.g., iCeutica Pty Ltd et al. Apotex*

*Inc. et al.*, 17-cv-01553 (D. Del.); *Teva Pharms. Int'l GmbH et al. v. Apotex Inc. et al.*, 17-

cv-01164 (D. Del.);  *Bristol-Myers Squipp Co. et al. v. Apotex Inc. et al.*, 1:17-cv-00399 (D.

Del.); *Bayer Healthcare LLC et al. v. Apotex Inc. et al.*, 1:17-cv-00334 (D. Del.).  Apotex

Inc. has further availed  itself of the jurisdiction of this Court by previously initiating

litigation in this Court.  *See, e.g., Apotex Inc. et al. v. Symplmed Pharmaceuticals, LLC et al.*,

1:17-cv-00276 (D. Del.).

23.      Alternatively, to the extent the above facts do not establish personal

jurisdiction over Apotex Inc., this Court may exercise jurisdiction over Apotex Inc. pursuant

to  Federal Rule of Civil Procedure 4(k)(2) because: (a) the claims asserted herein arise under

federal law; (b)  Apotex Inc. would be a foreign defendant not subject to personal jurisdiction

in the courts of any state; and (c) Apotex Inc. has sufficient contacts with the United States

as a whole, including, but not limited to, manufacturing and selling generic pharmaceutical

products that are distributed throughout the United States, such that this Court's exercise of

jurisdiction over Apotex Inc. satisfies due process.

24. This Court has personal jurisdiction over Apotex Corp. because, *inter*

*alia*, upon information and belief: (1) it is a Delaware corporation; (2) it has purposely

availed itself of the privilege of doing business in Delaware, including, *inter alia*, being

registered to do business in Delaware with the Delaware State Division of Corporations

(because it is a Delaware corporation); (3) it maintains pervasive, continuous, and systematic

contacts with the State of Delaware, including through the marketing, distribution, and/or

sale of generic pharmaceutical drugs in Delaware; (4) it regularly and continuously transacts

business in Delaware, including by selling pharmaceutical products in Delaware, either on its

own or through its affiliates; (5) it derives substantial revenue from the sale of those

pharmaceutical products in Delaware; (6) when and if ANDA No. 210325 is approved, it

intends to and will commit acts of infringement in Delaware by selling and offering to sell the

Apotex ANDA Product throughout the United States, including in Delaware; and (7) the

filing of ANDA No. 210325 by Apotex seeking approval to market the Apotex ANDA

Product before the expiration of the Patents-in-Suit has caused, and by the sale of the Apotex

ANDA Product by Apotex Inc., Apotex Corp. and/or others before the expiration of the

Patents-in-Suit will cause, foreseeable harm to Patheon Softgels, a Delaware corporation,

Bionpharma Inc., a Delaware corporation, and Bionpharma Healthcare LLC, a Delaware

limited liability company.

25. Additionally, Apotex Corp. has routinely consented to personal jurisdiction in this Court, and availed itself of the protections afforded by this Court, including by asserting Counterclaims in this Court. *See, e.g., See, e.g., iCeutica Pty Ltd et al. Apotex Inc. et al.*, 17-cv-01553 (D. Del.); *Teva Pharms. Int'l GmbH et al. v. Apotex Inc. et al.*, 17-cv-01164 (D. Del.); *Bristol-Myers Squipp Co. et al. v. Apotex Inc. et al.*, 1:17-cv-00399 (D. Del.); *Bayer Healthcare LLC et al. v. Apotex Inc. et al.*, 1:17-cv-00334 (D. Del.). Apotex Corp. has further availed itself of the jurisdiction of this Court by previously initiating litigation in this Court. *See, e.g., Apotex Inc. et al. v. Symplmed Pharmaceuticals, LLC et al.*, 1:17-cv-00276 (D. Del.).

26. Pursuant to 28 U.S.C. § 1391(c)(3), venue as to Apotex Inc. is proper in this Court because, as set forth above, Apotex Inc. is a foreign corporation and thus does not reside in the United States.

27. Pursuant to 28 U.S.C. §§ 1391 and/or 1400(b), venue as to Apotex Corp. is proper in this Court because, *inter alia*: (a) as set forth above, this Court has personal jurisdiction over Apotex Corp. and Apotex Inc. and thus all defendants reside in Delaware within the meaning of 28 U.S.C. § 1391, (b) upon information and belief, Apotex Corp. is a Delaware corporation and thus resides in Delaware within the meaning of 28 U.S.C. § 1400(b), and (c) upon information and belief, Apotex Corp. has committed and will commit further acts of infringement in Delaware, and does business in Delaware through a permanent and continuous presence in the State of Delaware. For example, Apotex Corp. is a Delaware corporation and thus is registered to business in Delaware with the Delaware State Division of Corporations and continuously sells its products in Delaware. Upon information and belief, Apotex Corp. employs a sales force that includes personnel that

regularly and continuously work in Delaware and, if Apotex succeeds in obtaining FDA

approval of the Apotex ANDA, Apotex Corp. will use its sales force to sell the Apotex

ANDA Product in the State of Delaware.

28.     Moreover, neither Apotex Inc. nor Apotex Corp. contested venue in at

least seven actions brought in this Judicial District under the Hatch-Waxman Act in 2017,

including on several occasions after the Supreme Court's decision in *TC Heartland LLC v.*

*Kraft Foods Grp. Brands LLC*, 137 S.Ct. 1514 (2017).  *See*, *e.g.*, Civ. Action Nos. 17-1634-

VAC-CJB, 17-1553-VAC-CJB, 17-1202-LPS, 17-1164-GMS, 17-990-GMS, 17-399-LPS,

and 17-334-LPS.

### APOTEX'S INFRINGING ANDA SUBMISSION

29.     On or about November 16, 2017, Patheon Softgels received from

Apotex's counsel a letter,  dated November 15, 2017 ("the Apotex Notice Letter regarding the

'978 patent"), stating that Apotex Inc. had submitted the Apotex  ANDA to the FDA seeking

approval to market the Apotex ANDA Product before the expiration of the '978 patent, and

stating that the Apotex ANDA contains a certification pursuant to 21 U.S.C. §

355(j)(2)(vii)(IV) ( a "Paragraph IV certification") as to the '978 patent.  Bionpharma

received the Apotex Letter regarding the '978 patent no earlier than November 16, 2017.

30.     On or about November 16, 2017, Patheon Softgels received from

Apotex's counsel a letter, dated November 15, 2017 ("the Apotex Notice Letter regarding the

'979 patent"), stating that Apotex Inc. had submitted the Apotex ANDA to the FDA seeking

approval to market the Apotex ANDA Product before the expiration of the '979 patent, and

stating that the Apotex ANDA contains a Paragraph IV certification as to the '979 patent.

Bionpharma received the Apotex Letter regarding the '979 patent no earlier than November 16, 2017.

31.     The Apotex Notice Letter regarding the '978 patent and the Apotex Notice Letter regarding the '979 patent are referred to herein collectively as "the Apotex Notice Letters."  Apotex specifically directed the Apotex Notice Letters to three Delaware entities – Patheon Softgels, a Delaware corporation, Bionpharma Inc., a Delaware corporation, and Bionpharma Healthcare LLC, a Delaware limited liability company.

32.     The Apotex ANDA Product is intended to be a generic version of Bionpharma's 220 mg Naproxen Sodium (EQ 200 mg Base) OTC drug product, which was approved via NDA No. 021920.

33.     Under the applicable laws and regulations, this action is being commenced before the expiration of 45 days from the date Patheon Softgels and Bionpharma received the Apotex Notice Letters.  *See* 21 U.S.C. § 355(j)(5)(C)(i)(I)(aa); 21 C.F.R. § 314.107(f)(1).

**COUNT I**

**Infringement of U.S. Patent No. 9,693,978
by Apotex Under 35 U.S.C. § 271(e)(2)**

34.     Plaintiffs repeat and reallege paragraphs 1-33 above as if fully set forth herein.

35.     By filing its ANDA No. 210325 for the purpose of obtaining approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of the Apotex ANDA Product before the expiration of the '978 patent, Apotex committed an act of infringement under 35 U.S.C. § 271(e)(2).

36.     Apotex Inc. has had knowledge of the '978 patent since at least the date it submitted a Paragraph IV certification to the '978 patent to FDA in connection with its ANDA No. 210325, which was on or before November 15, 2017, the date that it sent the Apotex Notice Letter regarding the '978 patent to Patheon Softgels and Bionpharma.  Upon information and belief, Apotex Corp. has had knowledge of the '978 patent since at least November 15, 2017, the date that the Apotex Notice Letter regarding the '978 patent – which was signed by an officer of Apotex Corp. – was sent to Patheon Softgels and Bionpharma, and Apotex Corp. will have knowledge of the '978 patent at least upon the date of service of this Complaint.

37.     Upon information and belief, the commercial manufacture, use, offer to sell, sale, or importation of the Apotex ANDA product, if approved by the FDA, prior to the expiration of the '978 patent would infringe the '978 patent under 35 U.S.C. § 271.

38.     Plaintiffs will be substantially and irreparably harmed if Apotex's infringement of the '978 patent is not enjoined.  Plaintiffs do not have an adequate remedy at law.

39.     Plaintiffs are entitled to the relief provided by 35 U.S.C. §271(e)(4), including an order of this Court that the effective date of the approval of the Apotex ANDA be a date that is not earlier than the expiration date of the '978 patent.

## COUNT II
### Declaratory Judgment of Infringement of U.S. Patent No. 9,693,978 by Apotex

40.     Plaintiffs repeat and reallege paragraphs 1-39 above as if fully set forth herein.

41.     These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

42.     There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and that actual case or controversy requires a declaration of rights by this Court.

43.     Upon information and belief, Apotex has made, and will continue to make, substantial preparation in the United States to manufacture, sell, offer to sell, and/or import the Apotex ANDA Product.

44.     The Apotex Notice Letter regarding the '978 patent indicates Apotex's refusal to change the course of its actions directed to obtaining FDA approval for and commercially marketing the Apotex ANDA Product prior to the expiration of the '978 patent.

45.     If Apotex commercially makes, uses, offers to sell, or sells the Apotex ANDA Product within the United States, or imports the Apotex ANDA Product into the United States, or induces or contributes to any such conduct during the term of the '978 patent, Apotex would infringe one or more claims of the '978 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

46.     Plaintiffs are entitled to a declaratory judgment that the commercial manufacture, use, offer for sale, sale, and/or importation of the Apotex ANDA Product will infringe the '978 patent.

**COUNT III**
**Infringement of U.S. Patent No. 9,693,979**
**by Apotex Under 35 U.S.C. § 271(e)(2)**

47.     Plaintiffs repeat and reallege paragraphs 1-46 above as if fully set forth herein.

11

48.     By filing its ANDA No. 210325 for the purpose of obtaining approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of the Apotex ANDA Product before the expiration of the '979 patent, Apotex committed an act of infringement under 35 U.S.C. § 271(e)(2).

49.     Apotex Inc. has had knowledge of the '979 patent since at least the date it submitted a Paragraph IV certification to the '979 patent to FDA in connection with its ANDA No. 210325, which was on or before November 15, 2017, the date that it sent the Apotex Notice Letter regarding the '979 patent to Patheon Softgels and Bionpharma.  Upon information and belief, Apotex Corp. has had knowledge of the '979 patent since at least November 15, 2017, the date that the Apotex Notice Letter regarding the '979 patent – which was signed by an officer of Apotex Corp. – was sent to Patheon Softgels and Bionpharma, and Apotex Corp. will have knowledge of the '979 patent at least upon the date of service of this Complaint.

50.     Upon information and belief, the commercial manufacture, use, offer to sell, sale, or importation of the Apotex ANDA product, if approved by the FDA, prior to the expiration of the '979 patent would infringe the '979 patent under 35 U.S.C. § 271.

51.     Plaintiffs will be substantially and irreparably harmed if Apotex's infringement of the '979 patent is not enjoined.  Plaintiffs do not have an adequate remedy at law.

52.     Plaintiffs are entitled to the relief provided by 35 U.S.C. §271(e)(4), including an order of this Court that the effective date of the approval of the Apotex ANDA be a date that is not earlier than the expiration date of the '979 patent.

### COUNT IV
### Declaratory Judgment of Infringement of U.S. Patent No. 9,693,979 by Apotex

53.     Plaintiffs repeat and reallege paragraphs 1-52 above as if fully set forth herein.

54.     These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

55.     There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and that actual case or controversy requires a declaration of rights by this Court.

56.     Upon information and belief, Apotex has made, and will continue to make, substantial preparation in the United States to manufacture, sell, offer to sell, and/or import the Apotex ANDA Product.

57.     The Apotex Notice Letter regarding the '979 patent indicates Apotex's refusal to change the course of its actions directed to obtaining FDA approval for and commercially marketing the Apotex ANDA Product prior to the expiration of the '979 patent.

58.     If Apotex commercially makes, uses, offers to sell, or sells the Apotex ANDA Product within the United States, or imports the Apotex ANDA Product into the United States, or induces or contributes to any such conduct during the term of the '979 patent, Apotex would infringe one or more claims of the '979 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

59.     Plaintiffs are entitled to a declaratory judgment that the commercial manufacture, use, offer for sale, sale, and/or importation of the Apotex ANDA Product will infringe the '979 patent.

## PRAYER FOR
## RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A.      A Judgment that Apotex has infringed one or more claims of the

'978 patent pursuant to 35 U.S.C. § 271(e)(2) by filing ANDA No. 210325;

B.      A Declaratory Judgment that Apotex's making, using, selling, offering to

sell, or importing the Apotex ANDA Product before the expiration of the '978 patent would

constitute infringement of one or more claims of the '978 patent, and/or induce or contribute to

infringement of one or more claims of the '978 patent pursuant to 35 U.S.C. § 271(a), (b) and/or

(c);

C.      A permanent injunction restraining and enjoining Apotex, and its officers,

agents, attorneys, and employees, and those acting in privity or concert with them, from

engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or

importation into the United States, of the Apotex ANDA Product until after the expiration of the

'978 patent, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

D.      An Order that the effective date of any approval of ANDA No. 210325

relating to the Apotex ANDA Product be a date that is not earlier than the expiration date of the

'978 patent as extended plus any other regulatory exclusivity to which Plaintiffs are or become

entitled;

E.      A Judgment that Apotex has infringed one or more claims of the '979

patent pursuant to 35 U.S.C. § 271(e)(2) by filing ANDA No. 210325;

F.      A Declaratory Judgment that Apotex's making, using, selling, offering

to sell, or importing the Apotex ANDA Product before the expiration of the '979 patent would

constitute infringement of one or more claims of the '979 patent, and/or induce or contribute

14

to infringement of one or more claims of the '979 patent pursuant to 35 U.S.C. § 271(a), (b) and/or (c);

G.      A permanent injunction restraining and enjoining Apotex and its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the Apotex ANDA Product until after the expiration of the '979 patent, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

H.      An Order that the effective date of any approval of ANDA No. 210325 relating to the Apotex ANDA Product be a date that is not earlier than the expiration date of the '979 patent as extended plus any other regulatory exclusivity to which Plaintiffs are or become entitled; and

I.      Such other and further relief as the Court may deem just and proper.

<table>
<tr><td></td><td>/s/ Karen E. Keller</td></tr>
</table>

OF COUNSEL:                          SHAW KELLER LLP
C. Kyle Musgrove                     I.M. Pei Building
John W. Bateman                      1105 North Market Street, 12th Floor
HAYNES & BOONE, LLP                  Wilmington, DE 19801
800 17th St. NW, Suite 500           (302) 298-0700
Washington, D.C. 20006               kkeller@shawkeller.com
(202) 654-4500                       *Attorney for Plaintiffs*
*Attorneys for Patheon Softgels Inc.*

Karen E. Keller (No. 4489)

J.C. Rozendaal
Dennies Varughese, Pharm.D.
STERNE KESSLER GOLDSTEIN
 & FOX, PLLC
1100 New York Avenue, NW, Suite 600
Washington, D.C. 20005
(202) 772-8747
*Attorneys for Bionpharma Inc. and*
*Bionpharma Healthcare LLC*

Dated:  January 2, 2018